# SOMERS *v*. NEWMAN.

---

TRADEMARKS; RULES OF PATENT OFFICE.

1. Where an applicant for registration of the words "Poplar Log," or "Old Poplar Log," as a trademark for whisky, has shown by his books and disinterested witnesses to have used them many years prior to their use by the opposer of his application, and to have originated the brand of whisky known by that name, selling it labeled or otherwise marked as such, quite extensively, his application is properly granted by the Commissioner.

2. Rule 49 of the Patent Office requiring the question of whether there is interference in fact in a trademark case to be raised within a stated time before the Examiner of Interference, who in turn is directed to transmit the papers to the Examiners in Charge of Trademarks for his determination, was within the authority of the Commissioner of Patents to promulgate, and must be complied with; and this court will not entertain such a question at the instance of a defeated party in a trademark case, when he has not complied with the rule.

No. 425.  Patent Appeals.  Submitted March 10, 1908.  Decided April 7, 1908.

HEARING on an appeal from a decision of the Commissioner of Patents in a trademark interference case.          *Affirmed*.

The facts are stated in the opinion.

*Messrs. McNeill & McNeill* for the appellants.

*Mr. Arthur E. Wallace* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

This is a trademark interference case in which appellants, J. C. Somers & Company, seek a review of the decision of the Commissioner of Patents awarding priority of adoption and use to appellee, Jacob Newman, executor of the last will and testament of J. F. Horn, of the words " Poplar Log," or "Old Poplar Log," as a trademark for whisky.

The Examiner of Interferences and the Commissioner, in turn, have given careful consideration to the evidence in the case, and concur in finding that the appellee adopted and used these marks many years prior to 1884, the earliest date claimed by appellants. We have carefully reviewed the testimony introduced by appellee, and agree fully with the Patent Office tribunals, whose findings of fact in a case like this should receive great consideration.

The appellee, in support of his own testimony, produced his books and several disinterested witnesses. No effort has been made to impeach or contradict him or his witnesses. We think he has shown that he started in the wholesale liquor business in 1869; that he subsequently, in 1874, engaged in distilling; that from 1869 he has continuously handled "Poplar Log" whisky; that he originated this brand; that it has become identified with his name; that he sold this brand of whisky, either labeled or otherwise marked as such, in barrels and bottles throughout many of the Southern States, and later in New York State. We do not deem it necessary to consider in greater detail appellee's evidence.

The question was raised before the Commissioner for the first time that there is no interference in fact between these parties, because appellants adopted the words "Poplar Log" as a trademark for corn whisky and the testimony shows that appellee has used the mark in connection with the sale of rye whisky. Rule

49 of the rules of the Patent Office relating to trademarks requires such a question to be raised within the stated time before the Examiner of Interferences, who in turn is directed by the rule to transmit the papers to the Examiner in Charge of Trademarks for his determination. The rule is within the authority of the Commissioner of Patents to promulgate, and must be complied with. Manifestly this court will not determine questions not properly raised below. The Examiner in Charge of Trademarks is peculiarly qualified, by reason of his training and experience, to pass primarily upon such a question, and the parties and the Commissioner of Patents and this court are entitled to the benefits of his finding. It would be manifestly unjust to permit the defeated party, who has unsuccessfully endeavored to prevent his adversary from obtaining registration, to now contend that no interference in fact exists. It may be stated, however, that in this case the application of appellants is not restricted to corn whisky, but for use as a trademark for whisky.

The decision of the Commissioner of Patents is affirmed, and the clerk of the court will certify this opinion and the proceedings in this court to the Commissioner of Patents, in accordance with law.                    *Affirmed.*